People v Zuniga-Mejia (2021 NY Slip Op 51019(U))

[*1]

People v Zuniga-Mejia (Ray)

2021 NY Slip Op 51019(U) [73 Misc 3d 133(A)]

Decided on October 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2018-2203 N CR

The People of the State of New York,
Respondent, 
against
Ray Zuniga-Mejia, Appellant. 

Ray Zuniga-Mejia, appellant pro se.
Nassau County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Lynbrook, Nassau County
(William J. McLaughlin, J.), rendered September 25, 2018. The judgment convicted defendant,
after a nonjury trial, of disobeying a traffic-control device, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the facts, the accusatory
instrument is dismissed, and the fine, if paid, is remitted.
On August 15, 2017, defendant was charged in a simplified traffic information with
disobeying a traffic-control device (Vehicle and Traffic Law § 1110 [a]), to wit, driving a
vehicle weighing more than 8,000 pounds upon a street where vehicles of that weight were
prohibited, and notice of which was provided by a posted traffic control sign. Defendant
represented himself during a nonjury trial held on September 25, 2018, but due to an electronic
malfunction that went undiscovered until later, the trial was not recorded. Immediately following
the trial, the court found defendant guilty and sentenced him to pay a $150 fine. 
The Criminal Procedure Law requires "that, in response to an affidavit of errors, the court
'summarize evidence, facts or occurrences in or adduced at the proceedings resulting in the
judgment, sentence or order, which constitute the factual foundation for the contentions alleged
in the affidavit of errors' to the degree necessary for a proper determination of the appeal" (People v Sullivan, 27 Misc 3d
134[A], 2010 NY Slip Op 50749[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists
2010], quoting CPL 460.10 [3] [d]; see
People v Wright, 19 Misc 3d 140[A], 2008 NY Slip Op 50904[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2008]). In response to defendant's contention that the verdict was
against the weight of the evidence, the Justice Court did not set forth what evidence was received
at trial to satisfy the prosecution's burden of demonstrating beyond a reasonable doubt that
defendant's work vehicle was over the 8,000 pound (lb) limit (see e.g. People v Fallah-Braimah, 57 Misc 3d 144[A], 2017 NY
Slip Op [*2]51445[U], *2 [App Term, 2d Dept, 9th & 10th
Jud Dists 2017]; People v
Schlessinger, 35 Misc 3d 150[A], 2012 NY Slip Op 51122[U], *1 [App Term, 2d Dept,
9th & 10th Jud Dists 2012]). Instead, the court seemed to view the evidence in a way that
improperly shifted the burden of proof away from the prosecution by asserting in its return that
defendant "never denied the vehicle . . . was a commercial vehicle with a gross vehicle weight of
over 8,000 lbs." 
Under the circumstances presented, because the Justice Court did not adequately refute
defendant's weight of the evidence claim with respect to the vehicle's weight, we deem the return
to admit that the judgment of guilt after trial was against the weight of the evidence at least with
respect to the vehicular weight element of the charge (see Wright, 19 Misc 3d 140[A],
2008 NY Slip Op 50904[U], *1; People
v Williams, 5 Misc 3d 131[A], 2004 NY Slip Op 51345[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2004]; People v Hill, 2002 NY Slip Op 40096[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2002]). 
In view of the foregoing, we reach no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 21, 2021